**COMMUNITY LOAN & INVESTMENT CORPORATION (GEORGIA),**
Plaintiff

v.

**UNITED STATES of America,**
Defendant.

**Civ. A. No. 8800.**

United States District Court
N. D. Georgia,
Atlanta Division.

March 23, 1965.

Allen Post, Atlanta, Ga., and George G. Tyler and Richard J. Hiegel, New York City, for plaintiff.

Charles Goodson, U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

The plaintiff, doing business in Georgia as a small loan company, brought this action seeking to recover an alleged overpayment of income taxes. All of the material facts in the case are stipulated by the parties. The sole question is whether or not under the facts in the record certain certificates issued by the plaintiff to parties borrowing money from the plaintiff shall be considered as bor-

rowed capital pursuant to Internal Revenue Code of 1939, § 439.

The taxpayer conducted its business during the applicable period of time as follows: The prospective borrower filled out an application and financial statement which required him to subscribe and apply for a certificate of investment in an amount identical with the amount of the loan which he desired to obtain. He executed one note representing the loan and bearing interest at eight per cent per annum and payable generally one year from date. He executed another note representing purchase of certificate of investment bearing eight per cent interest per annum and payable monthly, so that the last-named payment would fall due the same date that the note fell due, and the latter note was secured by furniture or other chattels. The certificate of investment when fully paid would be applied to liquidate the note given for the loan, and the certificate paid three per cent per annum. The borrower could if he saw fit pay his loan out of other funds and receive the certificate of investment when it was fully paid for. The taxpayer did issue a comparatively small number of investment certificates to non-borrowers for cash. Other facts are stipulated.

Counsel for plaintiff cites certain Georgia statutes and decisions contending that they take this case out of decisions by the courts hereinafter cited. This Court finds, however, that the Georgia law cited even if controlling (see Commissioner of Internal Revenue v. Valley Morris Plan, 9 Cir., 305 F.2d 610(1)) pertain to other phases of this matter and do not control the question at issue as to whether the certificate notes constitute "borrowed capital."

This case involves the same questions as involved in North American Finance Corporation of Savannah v. United States, 311 F.2d 802 by the Court of Claims, wherein the taxpayer was also doing a small loan business in Georgia and was also contending that borrowed capital was involved to the extent of the face amount of the certificates of investment. The Court of Claims stated as follows (see p. 804 of 311 F.2d ):

"The courts have on several occasions dealt with the problem of whether the concepts of 'borrowed capital' or 'outstanding indebtedness' * * * include certificates, some more and some less comparable to plaintiff's issued by small loan and thrift companies."

A number of cases are cited but the Court of Claims placed its ruling primarily on the decision in the case of North American Loan and Thrift Company v. Commissioner, 39 T.C. No. 27, decided November 2, 1962. It was then pointed out, among other things, that under the plan followed:

" * * * In no case did this money represent new capital lent to petitioner * * * Petitioner obtained no new, added capital by the use of these forms; it obtained only the repayment of the money it had lent to its customers, with additional interest as an added, important feature."

In the case of Commissioner of Internal Revenue v. Valley Morris Plan, 305 F.2d 610 (9 Cir.) the certificates therein involved were different from those employed in the instant case, but they were held not to be "borrowed capital." The court stated in part:

"The certificates themselves, as shown by the form thereof included in the findings, disclose no purpose or intent of the purchasers to make a loan at the request of respondent for purposes of respondent's business."

The latter statement can be borne out by a simple illustration. Should a loan company begin business with a paid-in capital of $100,000.00 and immediately make a loan in the sum of $1,000.00, it would according to the contentions of counsel for this plaintiff, then have $1,000.00 of "borrowed capital." It would not, however, have any additional capital with which to make loans, but on the other hand would have only $99,000.00 in

cash and a note receivable for $1,000.00. It is true that it would also hold another note for $1,000.00 as representing the purchase price of the certificate of indebtedness, but this certificate of indebtedness was in effect only security for the other note of $1,000.00. Only in the event that the borrower paid not only the full purchase price for the certificate (which was applied to payment of his note) but in addition thereto bought additional certificates, could there have been added any amount to the operating capital of the company.

For reasons set forth above the plaintiff herein cannot recover and counsel for the United States may present a Judgment in accordance herewith.